## HOME FOLKS MOBILE HOMES, INC., Appellant,

v.

## REVENUE CABINET, Commonwealth of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 22, 1985.

Max S. Hartz, McCarroll, Nunley & Hartz, Owensboro, for appellant.

John A. Miller, Ross T. Carter, Legal Services Section, Revenue Cabinet, Frankfort, for appellee.

Before HAYES, C.J., and COOPER and LESTER, JJ.

HAYES, Chief Judge:

This is an appeal from an opinion and order of the Daviess Circuit Court affirming a ruling of the Board of Tax Appeals which held that KRS 132.750, as amended in 1982, does not exempt mobile homes from the sales tax law imposed under KRS 139.200. We do not find the circuit court decision to be clearly erroneous and, accordingly, we affirm.

In 1982, two conflicting versions of KRS 132.750 were enacted. Because the amendments were in conflict and could not be codified together, both versions were printed as follows:

132.750. When mobile home or recreational vehicle classified as real estate.— If the wheels or mobile parts have been removed from a mobile home or recreational vehicle and the unit rests on a permanent, fixed foundation, it shall be classified as real estate. (Enact. Acts 1962, ch. 262, § 5; 1982, ch. 395, § 6, effective July 15, 1982.)

132.750. When mobile homes classified as real estate.—Mobile homes shall be classified as real estate for the purpose of the levy and assessment of taxes, regardless of whether the wheels or mobile parts have been removed and the unit rests on a permanent, fixed foundation. (Enact. Acts 1962, ch. 262, § 5; 1982, ch. 395, § 25, effective July 15, 1982.)

The Legislature should be taken to task for enacting two versions of the same statute and thereby causing needless litigation. Be that as it may, we are now faced with a statutory construction problem. Section 6 requires that a mobile home be treated as real estate when its wheels have been re-

moved and it rests on a permanent, fixed foundation. Section 25, on the other hand, requires that a mobile home be treated as real estate regardless of whether the wheels have been removed.

The appellant, a seller of mobile homes, argues that the latter version, Section 25, precludes the collection of sales tax applicable to tangible personal property on a dealer's sale of a mobile home to a customer. Since both Section 6 and Section 25 deal with the same matter, the appellant contends that Section 25, the last section in order of position, controls. *Gish v. Shaver*, 140 Ky. 647, 131 S.W. 515 (1910). The appellant interprets Section 25 to mean that all mobile homes, regardless of their situs, are to be treated as real estate and therefore not subject to sales tax. Even if KRS 132.750 is considered to be ambiguous, the appellant points out that it must be *construed in favor of the taxpayer.*

 Although the appellant has argued his case well and correctly determined that Section 25 controls over Section 6, we agree with the reasoning of the appellee and the circuit court. While a mobile home is sitting on a dealer's lot, it is not someone's home; it is only tangible personal property. When a mobile home is sold, the purchaser receives a bill of sale, not a deed. To tax mobile homes in accordance with the real estate taxing scheme would fly in the face of the many statutory definitions which define real property as land and improvements thereon. KRS 132.010(3). At the time it is sold from a dealer's lot, a mobile home has no utility connections and is not an improvement to the land. Furthermore, if the Legislature had intended to exempt the sale of mobile homes from sales tax, it would have exempted those sales under KRS Chapter 139. We do not agree with the appellant that no exemption is necessary because only tangible personal property is included in the exemptions and KRS 132.750 classifies mobile homes as real property.

For the foregoing reasons, the opinion and order of the Daviess Circuit Court is affirmed.

All concur.